UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MARISCAL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>K. HARRINGTON, Warden,<br><br>　　　　　Respondent. | Case No. CV 09-5749 RGK (JCG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's objections to the Report and Recommendation ("Objections"), and the remaining record, and has made a *de novo* determination.

Petitioner objects to the Magistrate Judge's finding that trial counsel's performance did not cause prejudice. (Objs. at 3-6.) Petitioner's objection is untenable, and four reasons govern this determination.

First, Petitioner's only alleged deficiency in counsel's performance was her failure to call additional witnesses to bolster the testimony of Petitioner's sister, his sole witness supporting his alibi defense. But the testimony of Petitioner's sister did not establish a solid alibi, only conjecture. Notably, the sister testified that Petitioner must have been at her house at the time of the murder (around 3:00 a.m.)

because he was there the next morning and she would not have let him in after midnight. (4RT at 1908-09, 1913-14.) But the sister did not know where Petitioner was on the night of the murder; the sister did not recall him coming home that night; and the sister admitted that her husband had also let her brother in on occasion. (4RT at 1909-10, 1912.) Thus, the best that the additional witnesses would have allegedly offered would be testimony that Petitioner's sister told them the same thing she told the jury. (*See* 5RT at 2403; Pet. at 5a-5b.) Any incremental boost such repetitive testimony would give to the sister's credibility would not have materially strengthened an already feeble alibi.

Second, the only additional witness Petitioner specifically identifies and offers, Daniel Tapia, gives an account in his declaration that is, in fact, inconsistent with the testimony Petitioner's sister gave at trial. For instance, Mr. Tapia claims that Petitioner's sister told him that Petitioner must have been at her house on the night of the murder because "she would by no means open the door for him any time after 11:00 p.m.," whereas the sister testified at trial, however, that she would not let him in after midnight. (Traverse, Ex. B (Tapia Decl.), ¶ 3.) Petitioner's sister also testified that she told people at her church that her brother was "innocent," but conspicuously did not tell anybody, except Petitioner's counsel, that her brother could not have committed the murder because he was at her house. (4RT at 1917-19.)

Third, contrary to Petitioner's contention, the decision in *Luna v. Cambra*, 306 F.3d 954 (9th Cir.), *mandate recalled and reissued as amended by* 311 F.3d 928 (9th Cir. 2002), does not advance his position. In *Luna*, defense counsel caused prejudice by failing to call the defendant's mother and sister as alibi witnesses, leaving the defendant as the only defense witness. 306 F.3d at 961. The mother and sister would have testified that they saw the defendant coming home that evening, sleeping that night, and rising early the next morning for school. *Id.*

2

at 958, 962.  They further testified that due to their cramped living arrangements – more than six people in a small, one-bedroom house – they would have been awakened by the defendant's movements if he had come and gone in the night. *Id.* at 958-59, 962.  Here, in contrast, the most the additional witnesses allegedly would have added is that Petitioner's sister told them the same thing she told the jury.

Fourth and finally, Petitioner's attempt to discount the powerful evidence of his guilt in this case is unavailing.  Fernando Mercado witnessed the murder and testified that Petitioner and another gang member committed it.  (3RT at 1290-1303.)  Although Mercado testified at trial after entering a plea deal with the prosecutor, his testimony was consistent with the statement he gave to the police on the day he was arrested, only a month after the murder.  (*See* 3RT at 1307-12; CT at 567-613.)  A recording of that statement was played to the jury.  (3RT at 1322.)  In light of the strong evidence of guilt and the anemic nature of the additional evidence proffered by Petitioner, there is no reasonable probability that, but for counsel's alleged deficient performance, the result of the proceedings would have been different.  *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Accordingly, IT IS ORDERED THAT:

(1) the Report and Recommendation is approved and adopted;

(2) Judgment be entered denying the Petition and dismissing this action with prejudice; and

(3) the Clerk serve copies of this Order and the Judgment on the parties.

///
///
///
///

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.

DATED: October 6, 2010

_____
HON. R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE